UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| KIMBERLY SUE CARR, | ) | CASE NO. 5:23-cv-00187 |
| | ) | |
| Plaintiff, | ) | JUDGE BRIDGET MEEHAN BRENNAN |
| | ) | |
| v. | ) | |
| | ) | |
| COMMISSIONER OF SOCIAL SECURITY, | ) ) | **MEMORANDUM OPINION AND ORDER** |
| | ) | |
| Defendant. | ) | |

This matter is before the Court upon the Report and Recommendation of Magistrate Judge Amanda M. Knapp ("R&R") (Doc. No. 12) recommending that the decision of the Commissioner be affirmed. Plaintiff filed objections (Doc. No. 13), and Defendant filed a response (Doc. No. 14). For the reasons that follow, Plaintiff's objections are OVERRULED, the R&R is ACCEPTED, and the decision of the Commissioner is AFFIRMED.

I.    **Factual and Procedural Background**

Plaintiff does not object to the procedural and evidentiary history detailed in the R&R. (*See* Doc. No. 13.) The Court therefore incorporates by reference Sections I, II, IV and V of the R&R (*see* Doc. No. 12 at 638-49, 650-51), but provides an abbreviated factual and procedural summary.[1]

On October 24, 2019, Plaintiff filed an application for Disability Insurance Benefits ("DIB") due to her visual impairment, fibromyalgia, chronic fatigue, migraines, and

---

[1] For ease and consistency, record citations are to the electronically stamped CM/ECF document and PageID# rather than any internal pagination.

osteoarthritis. (Doc. No. 6 at 44.) She alleged a disability onset date of June 1, 2019. *Id.*

In response to this application, the Commissioner sent requests for medical records to Plaintiff's healthcare providers. (*See id.* at 310 (contacting Portage Family Medicine); *id.* at 343, 347, 369, 371 (contacting North Hampton Primary Care); *Id.* at 355, 364 (contacting Dr. Peter Schmid, OD).) Plaintiff also completed an adult function report and a disability report. (*Id.* at 237-45, 210-18.) On June 26, 2020, Dr. Gary Hinzman, a state agency physician, reviewed Plaintiff's medical records. (*Id.* at 96-102.) Dr. Hinzman concluded, based on these records, that "Plaintiff retained a physical functional capacity consistent with a range of medium work." (Doc. No. 12 at 643.)

The Commissioner also ordered a psychological consultative examination, which was conducted on August 14, 2020. (*See* Doc. No. 6 at 375-79.) On August 25, 2020, Plaintiff's claim was denied at the initial stage. (*See id.* at 102.)

In September 2020, Plaintiff obtained the services of legal counsel. On September 23, 2020, Plaintiff requested reconsideration of her claim. (*Id.* at 121.) In support of this appeal, Plaintiff did not identify any new treatments or providers and no new evidence was collected. (*See id.* at 249; *id.* at 105 (noting "no changes or new illness" and "no new treatment"); *id.* at 108 (noting "no additional treatment. Initial assessment is consistent with the records").) Upon reconsideration, Dr. Leanne Bertani, another state agency physician, reviewed the medical records and evidence and adopted the same residual functional capacity ("RFC") as Dr. Hinzman. (*See id.* at 103.) On November 12, 2020, Plaintiff's claim was denied upon reconsideration. (*Id.* at 109.)

On December 18, 2020, Plaintiff requested a hearing before an Administrative Law Judge ("ALJ"). (*Id.* at 128.) Prior to this hearing, Plaintiff submitted several additional medical

records. (*See id.* at 282, 574 (medical records from Dr. Kimberly Stewart); *id.* at 387 (medical records from Dr. Deborah Ewing-Wilson); *id.* at 475 (medical records from Dr. Abigail M. Cay); *id.* at 499 (medical records from Unity Health Network); *id.* at 385 (showing tilt test results).) Plaintiff's counsel also submitted a pre-hearing brief that summarized these records. (*Id.* at 284.)

These additional medical records revealed, in part, that Plaintiff complained of swelling and dizziness. (*Id*. at 353, 376, 553-54, and 551.) In January 2021, testing suggested that she also suffered from postural orthostatic tachycardia syndrome ("POTS"). (*Id*. at 358.) Her symptoms improved with medication. (*Id*. at 368, 549.) In March 2021, during a follow-up appointment with Dr. Stewart, Plaintiff indicated that the prescribed medication was beneficial. (*Id*. at 549.) Dr. Stewart noted that Plaintiff had some tenderness but no swelling or redness and showed a normal range of motion. (*Id*. at 549-50.)

The Commissioner did not order an additional consultative examination at this time. Nor did Plaintiff or her counsel request one. Indeed, at the hearing, Plaintiff's counsel informed the ALJ that "[t]he record is complete." (*Id.* at 63, 93.)

On May 21, 2021, the ALJ issued a written decision finding that Plaintiff was not disabled. (*Id*. at 44-52.) On December 15, 2022, the Appeals Council declined to review Plaintiff's case, making the ALJ's decision final. (*Id*. at 31-32.)

On January 31, 2023, Plaintiff timely commenced this action. (Doc. No. 1.) On June 29, 2023, Plaintiff filed a brief on the merits. (Doc. No. 8.) On August 11, 2023, Defendant filed a brief on the merits. (Doc. No. 10.) On August 25, 2023, Plaintiff filed a reply brief. (Doc. No. 11.) On January 8, 2024, the Magistrate Judge issued her R&R recommending that the Court affirm the Commissioner's final decision. (Doc. No. 12.) Plaintiff timely filed objections on January 22, 2024. (Doc. No. 13.) On February 1, 2024, Defendant filed a response to Plaintiff's

3

objections and the R&R. (Doc. No. 14.)

## II. **Standard of Review**

A district court "shall make a *de novo* determination of those portions or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C) (flush language); *see Powell v. United States*, 37 F.3d 1499 (Table), 1994 WL 532926, at *1 (6th Cir. Sept. 30, 1994) ("Any report and recommendation by a magistrate judge that is dispositive of a claim or defense of a party shall be subject to *de novo* review by the district court in light of specific objections filed by any party.") (citations omitted). "A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C) (flush language).

For present purposes, the Social Security Act defines "disability" as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). The impairment must prevent the claimant from doing the claimant's previous work, as well as any other work which exists in significant numbers in the region where the individual lives or in several regions of the country. 42 U.S.C. § 423(d)(2)(A). In making a disability determination, an ALJ engages in a five-step sequential evaluation:

1. If the claimant is doing substantial gainful activity, he is not disabled.

2. If the claimant is not doing substantial gainful activity, his impairment must be severe before he can be found to be disabled. To be severe, the claimant must have a severe medically determinable physical or mental impairment, or a combination of impairments, that must have lasted or be expected to last for at least 12 months, unless it is expected to result in death.

3. If the claimant is not doing substantial gainful activity and is suffering from a severe impairment that has lasted or is expected to last for a continuous period of at least twelve months, and his impairment meets or equals a listed

> impairment in Appendix 1 to Subpart P of Part 404, the claimant is presumed disabled without further inquiry.
>
> 4. If the impairment does not meet or equal a listed impairment, the ALJ must assess the claimant's residual functional capacity and use it to determine if the claimant's impairment prevents him from doing past relevant work. If the claimant's impairment does not prevent him from doing his past relevant work, he is not disabled.
>
> 5. If the claimant is unable to perform past relevant work, he is not disabled if, based on his vocational factors and residual functional capacity, he is capable of performing other work that exists in significant numbers in the national economy.

20 C.F.R. §§ 404.1520, 416.920; *see also Quisenberry v. Comm'r of Soc. Sec.*, 757 F. App'x 422, 426 (6th Cir. 2018) (citing *Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 529 (6th Cir. 1997)). During the first four steps, the claimant has the burden of proof. *Walters*, 127 F.3d at 529. The burden shifts to the Commission at step five. *Id.*

The Court's review of the Commissioner's decision to deny benefits is limited to determining whether the ALJ applied the correct legal standards and whether the findings are supported by substantial evidence. 42 U.S.C. § 405(g); *Kyle v. Comm'r of Soc. Sec.*, 609 F.3d 847, 854 (6th Cir. 2010). "Substantial evidence is 'more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *McGlothin v. Comm'r of Soc. Sec.*, 299 F. App'x 516, 521 (6th Cir. 2008) (quoting *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007) (internal citation omitted)).

If substantial evidence supports the Commissioner's finding that the claimant is not disabled, that finding must be affirmed even if the reviewing court would decide the matter differently. *Cutlip v. Sec'y of Health & Human Servs.*, 25 F.3d 284, 286 (6th Cir. 1994) (citation omitted). A reviewing court is not permitted to resolve conflicts in evidence or to decide questions of credibility. *Bass v. McMahon*, 499 F.3d 506, 509 (6th Cir. 2007) (citation omitted).

### III. Discussion

#### A. The Magistrate Judge's Report and Recommendation

Plaintiff raised one argument in her brief on the merits: that "the ALJ failed to properly develop the record because he did not procure an opinion of [Plaintiff's] physical limitations, either by obtaining a medical source statement from a treating provider or by ordering a consultative examination." (*Id.* at 651.)

The R&R summarized the Commissioner's duty to develop the record in support of an application for disability benefits. (*See id.* at 653 (citing 20 C.F.R. § 416.912(b)(1)(i) and 20 C.F.R. § 416.945(a)(3)).) At the initial stage, the Commissioner must "make 'every reasonable effort' to develop medical evidence in support of an application for disability benefits, including 'help[ing]' claimants get medical evidence from their own sources." (*Id.*) At the hearing level, the ALJ "must act 'as an examiner charged with developing the facts' and ensure that every claimant receives a full and fair hearing." (*Id.* at 654.) The R&R noted that "the ultimate burden of proving entitlement to benefits lies with the claimant." (*Id.* (citing *Moats v. Comm'r of Soc. Sec.*, 42 F. 4th 558, 563 (6th Cir. 2022)).)

The R&R observed that Plaintiff has been represented by counsel since September 2020. (*Id.* at 655.) Therefore, the ALJ was not under any obligation to take "heightened care" to ensure that Plaintiff was familiar with procedures or presenting an effective case. (*Id.* at 364.) The R&R further noted that Plaintiff's counsel took several actions relevant to Plaintiff's statement of errors including submitting medical records, filing a brief, and informing the ALJ that the record is complete. (*See id.* at 655, 664.) The ALJ's duty to develop the record does not "permit claimant, through counsel, to rest on the record and later fault the ALJ for not performing a more exhaustive investigation." (*Id.* at 644 (citing *Campbell v. Comm'r of Soc. Sec.*, No. 1:12-cv-

6

1406, 2013 WL 1908145, at *8 (N.D. Ohio May 7, 2013)).)

The R& R addressed Plaintiff's reliance on *Deskin v. Commissioner of Social Security*, 605 F.Supp. 2d 908 (N.D. Ohio 2008) and her assertion that the "ALJ was under a legal duty to obtain additional medical opinion evidence because the state agency medical consultants—who rendered the only medical opinions as to [Plaintiff's physical residual functional capacity—'had no opportunity to review the 2021 records[.]'" (*Id.* at 655-56.) This standard was revisited in *Kizys v. Commissioner of Social Security*, where the magistrate judge who also authored *Deskins* clarified that *Deskin* offers "a narrow rule that does not constitute a bright line test." No. 3:10-CV-25, 2011 WL 5024866, at *1-2 (N.D. Ohio Oct. 21, 2011). *Kizys* stated that ALJs should obtain an additional medical opinion when "an ALJ makes a finding of work-related limitations based on no medical source opinion or an outdated source opinion that does not include consideration of a critical body of objective medical evidence." *Id.* at *2. The R&R declined to apply this standard. Instead, the R&R noted that

> neither Sixth Circuit precedent nor the governing regulations supporting a finding that the ALJ errs as a matter of course if he does not obtain a new medical opinion whenever (1) non-examining state agency opinions are the only opinions in evidence and (2) new medical records are submitting following a reconsideration-level denial.

(Doc. No. 12 at 659.) In the alternative, even if the Court were to apply the standard described in *Deskin* and *Kizys*, "the result would be the same." (Doc. No. 12 at 665.) The R&R suggested that the "new evidence" Plaintiff cited was not a "critical body of objective evidence" that would require the "review of a medical expert or significant evidence of potential disabling conditions." (*Id.*)

Additionally, the R&R considered Plaintiff's argument that a new medical opinion was required to address "raw evidence in the record." The R&R noted that the authority Plaintiff cited in her brief was rejected, in part, by the reviewing court. (*Id.* at 660 (discussing *Winans v.*

7

*Comm'r of Soc. Sec.*, No. 5:22-cv-01793, 2023 WL 7622634 (N.D. Ohio Nov. 15, 2023), which adopted in part and rejected in part *Winans v. Comm'r of Soc. Sec.*, No. 5:22-cv-1793, 2023 WL 5043820 (N.D. Ohio June 8, 2023)).) Though ALJs are generally not qualified to interpret raw medical data, ALJs are not prohibited from "directly evaluating medical evidence." (*Id.* (citing *Winans*, 2023 WL 7622634, at *5).) And, in this instance, the tilt test study Plaintiff identified as "raw data" was not actually "raw data." (*Id.* at 664 (citing Doc. No. 6 at 384 (showing analysis by Dr. Bashar Katirji).) The information had been reviewed and interpreted by a physician. (*Id.*)

In evaluating the entirety of the record below, the R&R recommended that this Court conclude that the ALJ's RFC analysis was supported by substantial evidence. (*Id.* at 661.) With particular attention paid to Plaintiff's post-reconsideration medical information, the R&R directed this Court to portions of the ALJ's decision illustrating that the ALJ "considered the additional treatment records that were submitted by [Plaintiff] after the denial of her claim at the reconsideration level." (*Id.* at 661 (citing Doc. No. 6 at 49).) The ALJ expressly "considered the fact that the state agency medical consultants did not review the later-submitted evidence in reaching their medical opinions." (*Id.* at 662 (citing Doc. No. 6 at 51).) After reviewing these records, the ALJ found that the state agency consultant's opinions to be "unpersuasive" and limited her to light work, rather than medium work. (*Id.* at 663 (citing Doc. No. 6 at 48-49).) Meaning, the ALJ concluded – based on all medical evidence available – that Plaintiff was not disabled.

In sum, the R&R recommended that the Commissioner's final decision be affirmed.

### B. *De Novo* Review

Plaintiff filed three objections to the R&R. (*See* Doc. No. 13.) For the reasons below, these objections are not well taken.

8

### 1. First Objection

Plaintiff asserts that this Court should follow the "rule" recognized in *Deskin* and *Kizys*. (*Id.* at 667.) Plaintiff agrees with the R&R's recognition that *Deskin* stated an "overly broad" rule that invited conflict with Sixth Circuit precedent and regulations. (*Id.* at 669.) However, Plaintiff argues that the clarified standard set forth in *Kizys*, which requires a consultative exam "when the ALJ interprets raw medical evidence [] where a *critical body of evidence* is introduced at the hearing level which the State agency had no opportunity consider" should govern. (*Id.* (emphasis in original) (discussing *Winans*, 2023 WL 7622634, at *3).)

District courts in this circuit have declined to follow *Deskin* and *Kizys*. *See e.g.*, *Adams v. Colvin*, No. 1:14-cv-2097, 2015 WL 4661512, at *15 (N.D. Ohio Aug. 5, 2015) (collecting cases); *Williams v. Astrue*, No. 1:11-cv-2569, 2012 WL 3586962, at *7 (N.D. Ohio Aug. 20, 2012); *Henderson v. Comm'r of Soc. Sec.*, No. 1:08-cv-2080, 2010 WL 750222, at *2 (N.D. Ohio Mar. 2, 2010). So, too, does this Court.

As one court explained:

> *Deskin* is a non-binding district court decision that conflicts with the regulations and Sixth Circuit case law …. By requiring an ALJ to secure a medical opinion whenever the record does not contain such an opinion, subject to only limited exceptions, *Deskin* places a higher burden on the ALJ than the Sixth Circuit does.

*Winans v. Astrue*, No. 1:11-CV-2569, 2012 WL 3586962, *7 (N.D. Ohio Aug. 20, 2012). ALJs, not physicians, are "assigned the responsibility of determining a claimant's RFC based on the evidence as a whole." *Henderson v. Comm's of Soc. Sec.*, No. 1:08-CV-2080, 2010 WL 750222, at *2 (N.D. Ohio Mar. 2, 2010) (*citing* 42 U.S.C.A. § 423(d)(5)(B); 20 C.F.R. § 416.946(c)).

The record must reflect that the ALJ "at least considered" medical evidence post-dating a non-examining medical opinion before giving greater weight to a medical opinion that was not "based on a review of a complete case record." *Blakely v. Comm'r of Soc. Sec.*, 581 F.3d 399,

9

409 (6th Cir. 2009). But this consideration does not mandate that ALJs obtain updated medical opinions, provided the "ALJ's ultimate decision is supported by substantial evidence." *Davidson v. Comm'r of Soc. Sec.*, No. 3:22CV938, 2023 WL 5948122, *4 (N.D. Ohio Sept. 13, 2023) (remand is not required even if non-examining state agency opinion was "stale").

The record conclusively establishes that the ALJ considered the additional treatment records Plaintiff submitted after the denial of her claim at the reconsideration level. (Doc. No. 6 at 49-50). The ALJ also properly considered that the state agency medical consultants did not review this information in rendering their medical opinions. (*Id*. at 51). Notwithstanding, the ALJ determined:

> After careful consideration of the evidence, I find that the claimant's medically determinable impairments could reasonably be expected to cause the alleged symptoms; however, the claimant's statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely consistent with the medical evidence and other evidence in the records for the reasons explained in this decision.

(*Id*. at 50.)

As a final point, an "ALJ is not required to refer a claimant for a consultative examination unless the record establishes that such an examination 'is necessary to enable the administrative law judge to make the disability decision.'" *Williams*, 2012 WL 3586962, at *8 (citing *Landsaw v. Sec'y of Health & Hum. Servs.*, 803 F.2d 211, 214 (6th Cir. 1986)). An exam may be necessary "to try and resolve an inconsistency or when the evidence as a whole is insufficient to support a determination or decision." 20 C.F.R. § 404.1519a(b). Otherwise, the plain language of the statute "clearly places the decision to order a consultative examination within the discretion of the ALJ." *Evans v. Astrue*, No. 3:120-cv-67, 2010 WL 5488525, at *5 (E.D. Tenn. Nov. 22, 2010), *report and recommendation adopted*, 2011 WL 13453 (E.D. Tenn. Jan. 4, 2011).

Here, Plaintiff has not demonstrated that an additional medical opinion was necessary. In fact, Plaintiff's representative did not request a physical consultative examination before or during the hearing before the ALJ. The representative did not assert that Plaintiff required assistance in gathering additional medical opinion evidence. *Hopkins v. Comm'r of Soc. Sec.*, 96 Fed. Appx. 393, 395 (6th Cir. 2004) (ALJ not required to seek additional medical testing where plaintiff was represented by counsel, counsel did not request additional testing, and plaintiff's conditions documented in the record). Indeed, at the hearing stage, Plaintiff's counsel represented to the ALJ that "[t]he record is complete." (Doc. No. 6 at 63, 93.) This objection is overruled.

### 2. Second Objection

Plaintiff challenges the R&R's reliance on *Mokbel-Aljahmi v. Comm'r of Soc. Sec.*, 732 Fed. Appx. 395, 401 (6th Cir. 2018). (Doc. No. 13 at 671.) To Plaintiff, this case is inapposite because the ALJ was presented with a record that "contained medical opinions of functional restrictions both at the initial and reconsideration levels, as well as treating sources assessments of functional restrictions submitted at the hearing level." (*Id.*) Here, there are "*no* functional assessments at the hearing level and State Agency RFCs determined without access to an outcome determinative *critical body of evidence* submitted at the hearing level." (*Id.* (emphasis in original).)

The R&R discussed *Mokbel-Aljahmi* to illustrate that *Deskin* is not binding and even appears to be inconsistent with governing precedent. To be sure, the R&R correctly observed the Sixth Circuit's holding in *Mokbel-Aljahmi*, that being that an ALJ "was not required to get the opinion of another physician before setting the residual functional capacity," despite giving "no weight" to the other medical opinions in the record. (Doc. No. 12 at 658.) The assertion that

11

Plaintiff makes here – that an ALJ 's residual functional capacity determination is not supported by substantial evidence unless it is also supported by a similar determination from a physician – has been rejected. *Mokbel-Aljahmi*, 732 Fed. Appx. at 401-02 (citing *Shepard v. Comm'r of Soc. Sec.*, 705 Fed. Appx. 435, 442-43 (6th Cir. 2017) and *Rudd v. Comm'r of Soc. Sec.,* 531 Fed. Appx. 719, 728 (6th Cir. 2013). Plaintiff's second objection is overruled.

### 3. Third Objection

Plaintiff asserts that the R&R incorrectly stated that this case did not involve a "critical body of objective evidence." (Doc. No. 13 at 672.) If the new evidence was indicative of "relatively little physical impairment," the ALJ would be able to "render a commonsense judgment about functional capacity." (*Id.*) However, Plaintiff argues that that is not the case here. The new evidence described Plaintiff's fourteen-year history at Walmart, dizziness, ability to stand, balance issues, likelihood of falling, tremor, and rheumatoid arthritis. (*Id.*) Plaintiff argued that this evidence is "consistent with the tilt testing which supports the diagnosis of POTS that was never considered at the initial or reconsideration levels." (*Id.*)

As discussed with respect to Plaintiff's first objection, Plaintiff has not shown that the additional records constitute a critical body of objective evidence. Dr. Hinzman's opinion discussed Plaintiff's vision problems, fibromyalgia, chronic fatigue, migraines, osteoarthritis. (Doc. No. 6 at 97.) Dr. Bertani's opinion confirmed these findings. (*Id.* at 103.) Medical records from Dr. Cay, Dr. Stewart, and Dr. Ewing-Wilson relate to follow up appointments for Plaintiff's fibromyalgia, fatigue and migraines. (*Id.* at 49-50.) Taken together, these records do not document a "major shift" in Plaintiff's conditions. *See Berrier v. Comm'r of Soc. Sec.*, No. 3:20-cv-1655, 2022 WL 189855, at * 3 (N.D. Ohio Jan. 21, 2022) (holding that the plaintiff had not made a showing of a "critical body of objective medical evidence" where medical records

contained "no information indicating a major shift in [the plaintiff's conditions"). Instead, these records show efforts to manage the conditions discussed in the state agency physicians' opinions. (*See* Doc. No. 6 at 50.) In fact, these records show that Plaintiff's migraines were under control. (*See id.*; *see also Jackson*, 2014 WL 2442211, at * 7-8 (not applying *Deskin* where subsequent medical records showed "some improvement").

Regarding Plaintiff's tilt test study, the ALJ recognized that Plaintiff's January 29, 2021 results were "borderline normal due to mild orthostatic tachycardia," with findings that were "suggestive but not diagnostic with the postural tachycardia syndrome." (*See* Doc. No. 6 at 50.) These results, which stop short of diagnostic confirmation of POTS, are not sufficient to constitute a major shift in Plaintiff's health, nor do they constitute a critical body of objective evidence. Accordingly, Plaintiff's third objection is overruled.

## IV. <u>Conclusion</u>

For the reasons stated herein, Plaintiff's objections are OVERRULED, the R&R is ACCEPTED, and the Commissioner's decision is AFFIRMED. This case is DISMISSED.

**IT IS SO ORDERED.**

**Date**: March 30, 2024

BRIDGET MEEHAN BRENNAN
UNITED STATES DISTRICT JUDGE

13